# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA

**DANA ANDERSON,**

    *Plaintiff*,

v.

**ISOTHERMAL COMMUNITY COLLEGE,**

    *Defendant*.

**CASE NO.: 1:25-CV-90**

## COMPLAINT AND JURY REQUEST

**NOW COMES** the Plaintiff, Dana Anderson ("Anderson"), and complaining of the Defendant, Isothermal Community College ("ICC"), alleges the following to be true:

### INTRODUCTION

1    This action arises from ICC's refusal to accommodate Anderson's disabilities and subsequent termination of Anderson's employment based on disability and retaliation in violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq*.

2    Each paragraph of this Complaint incorporates all others, and all exhibits are incorporated as if fully laid out herein.

## PARTIES, JURISDICTION, AND VENUE

3      Anderson is a resident of Brunswick County, North Carolina, but at all times relevant to this case was a resident of Rutherford County, North Carolina, and is neither a minor nor incompetent.

4      ICC is a community college in Rutherford County, North Carolina.

5      This Court has subject-matter jurisdiction over this action pursuant to any/all of the following:

    5.1      28 U.S.C. § 1331, as the action arises out of 42 U.S.C. §§ 12101 *et seq.*

6      This Court has personal jurisdiction over all parties to this matter pursuant to any/all of the following:

    6.1      Rule 4(k)(1)(A) of the Federal Rules of Civil Procedure, which requires the federal district courts to use the rules for personal jurisdiction of the state where the district court is located;

    6.2      N.C. Gen. Stat. § 1-75.4(1)(d), as ICC was engaged in substantial business activity within this state at the time service of process was made upon it.

    6.3      N.C. Gen. Stat. § 1-75.4(3), as this action arises from a local act or omission causing injury to Anderson's person or property.

7      Venue is proper in this Court pursuant to any/all of the following:

    7.1      28 U.S.C. § 1391(b)(1), as all Defendants are residents of North Carolina and at least one defendant is a resident of the Western District of North Carolina;

7.2    28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to this action occurred in the Western District of North Carolina.

## STATEMENT OF THE FACTS

8    Anderson has severe anxiety, including panic attacks, which substantially limit his ability to concentrate, think, interact with others, and sleep.

9    Anderson's panic attacks are completely debilitating, preventing Anderson from standing, walking, or doing anything else, and last roughly an hour.

10    Anderson began working for ICC in 2012.

11    As of 2022, Anderson was the Program Lead for ICC's information technology program, as well as a faculty member teaching courses in information technology.

12    In 2022, Sarah Kilgo, Anderson's supervisor, asked if he would be willing to teach a class five days a week at a high school.

13    Teaching in-person at a high school would have been a major trigger for his anxiety and panic attacks, so Anderson did not want to teach the in-person classes.

14    Anderson said he did not want to teach the in-person classes, but did not disclose his disability at this point.

15    The class was assigned to another faculty member, who wound up teaching the class online anyway.

16    In the winter of 2022-2023, Anderson's anxiety and panic attacks, which had previously been relatively under control, suddenly became worse and more frequent.

17      On January 31, 2023, Anderson provided a doctor's note to ICC requesting that he only teach online courses, flexibility to step out of meetings for panic attacks, avoiding travel, and to work with the Dean on reducing triggers for his anxiety and panic attacks.

18      On February 6, 2023, Director of HR Charity Hardin denied the accommodation request in full.

19      Anderson then had a conversation with COO/VP of Administrative Services Stephen Matheny ("Matheny") about his accommodation request.

20      Matheny told Anderson that ICC would give him notice of in-person classes, but ICC still wanted him to teach the in-person high school class in addition to his college courseload.

21      Anderson responded by pointing out that all of the other high school courses taught by other faculty who were not requesting accommodations are online-only. Anderson was the only one being told he might have to teach an in-person course.

22      Matheny told Anderson that if he could not teach the in-person high school class, his assignments would be reduced and he might be changed to part-time status.

23      In late March 2023, Anderson appealed Matheny's decision to ICC's president Margaret Annunziata ("Annunziata").

24      Annunziata similarly said ICC would not guarantee that he would not have to teach an in-person course.

25      On May 24, 2023, Anderson was told to meet with Matheny and VP of Academic Affairs Greg Thomas ("Thomas").

26      During the meeting, Thomas yelled at Anderson and Matheny presented him with a "Notice of Possible Grounds for Dismissal" containing a list of manufactured grievances dating back as far as May 2022.

27      Anderson pointed out that he had never received any disciplinary actions in his years of employment with ICC.

28      On June 2, 2023, Annunziata emailed Anderson telling him to call her on her cell phone.

29      When Anderson called Annunziata, she told him that he had to choose between resigning his position or being terminated.

30      Anderson chose to resign.

31      Isothermal has 15 or more employees.

32      Anderson filed an EEOC charge on August 14, 2023, alleging disability discrimination and retaliation, and received a notice of right to sue from the EEOC on January 22, 2025.

## FIRST CAUSE OF ACTION
### Failure to Accommodate
*The Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq.*

33      Anderson was an individual with a disability within the meaning of the statute.

34      Isothermal had notice of Anderson's disability.

35      With reasonable accommodation of continuing to do online-only classes, Anderson could perform the essential functions of his job.

36      Isothermal refused to make such accommodations.

## SECOND CAUSE OF ACTION
### Disability Discrimination
*The Americans with Disabilities Act, 42 U.S.C. §§ 12101* et seq.

37     Anderson was a qualified individual with a disability.

38     Anderson was discharged.

39     Anderson was fulfilling Isothermal's legitimate expectations at the time of his discharge.

40     The circumstances of Anderson's discharge raise a reasonable inference of unlawful discrimination.

## THIRD CAUSE OF ACTION
### Retaliation
*The Americans with Disabilities Act, 42 U.S.C. §§ 12101* et seq.

41     Anderson engaged in a protected activity by requesting accommodation for his disability

42     Anderson was discharged.

43     There is a causal connection between Anderson's protected activity and his discharge.

## REQUEST FOR JURY TRIAL

44     Plaintiff requests a trial by jury on all issues so triable.

**WHEREFORE,** the Plaintiff respectfully requests this Court that it:

1     Enter Judgment for Anderson against Defendant on all causes of action contained herein;

2     Award Anderson damages, including punitive damages, in an amount to be determined at trial;

**3**     Tax the costs of this action against Defendant and award Anderson reasonable attorney fees as permitted by law, and;

**4**     Grant such other and further relief as the Court deems just and proper.

*Respectfully submitted on this, the 27th day of March 2025,*

/s/ WILSON FONG
*Attorney for the Plaintiff*
NC State Bar No. 50708
HENSEL LAW, PLLC
Post Office Box 39270
Greensboro, North Carolina 27438
Phone: (336) 218-6466
Fax: (336) 218-6467
will.fong@hensellaw.com

# CERTIFICATE OF SERVICE

I hereby certify that on March 27, 2025, I electronically filed the foregoing Complaint and Request for Jury Trial with the Clerk of Court using the CM/ECF system, and will serve the following by Certified Mail, return receipt:

>Isothermal Community College
>c/o Margaret Annunziata
>P.O. Box 804
>Spindale, NC 28160
>*Defendant*

>/s/ WILSON FONG
>*Attorney for the Plaintiff*
>NC State Bar No. 50708
>HENSEL LAW, PLLC
>Post Office Box 39270
>Greensboro, North Carolina 27438
>Phone: (336) 218-6466
>Fax: (336) 218-6467
>will.fong@hensellaw.com